UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2: 20-cv-07803-RGK-RAO | Date | December 10, 2020 |
|---|---|---|---|
| Title | *HUGO SANDEZ v. PTG LOGISTICS, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Joseph Remigio (Not Present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

    On July 23, 2020, Hugo Sandez ("Plaintiff"), filed suit against PTG Logistics, LLC, et al ("Defendants"). In his Complaint, Plaintiff asserts state claims for various violations of the California Labor Code and California Business and Professions Code.

    On August 26, 2020, Defendants removed the action to this Court alleging diversity of citizenship. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

    Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

    In their Notice of Removal, Defendants point out that Plaintiff generally alleges underpayment and insufficient payment during his employment with PTG, which spanned over two years. Defendants then state that in 2019, Plaintiff's gross pay was $188,441.16. Using this figure, Defendants conclusorily state that damages in this action easily exceed the jurisdictional minimum.

    The Court finds that Defendants' assertions are improperly speculative, resulting in a failure to plausibly allege that the amount in controversy requirement has been met. Therefore, the action is hereby **remanded** to state court for all further proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2: 20-cv-07803-RGK-RAO | Date | December 10, 2020 |
|---|---|---|---|
| Title | *HUGO SANDEZ v. PTG LOGISTICS, LLC, et al* | | |

**IT IS SO ORDERED.**

cc: Superior Court (Long Beach), Case No. 20LBCV00335

                                                                                 :

Initials of Preparer   jre